UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PORSHAY BECKETT, an individual,<br><br>     Plaintiff,<br><br> v.<br><br>AMAZON.COM SERVICES, LLC, a<br>Washington Limited Liability Company,<br><br>     Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND<br>FOR JURY TRIAL |

## COMPLAINT

COMES NOW the Plaintiff, PORSHAY BECKETT (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendant AMAZON.COM SERVICES, LLC. (hereafter referred to as "Defendant Amazon"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### I. NATURE OF THE CASE

1. Defendant Amazon markets, imports, distributes and sells a wide-range of consumer products, including the subject "MasterChef Electric Pressure Cooker" Model No. MTF-PCR-417 [hereafter referred to as "pressure cooker(s)"] that is at issue in this case.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

2.      The subject pressure cooker product suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, despite statements to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4.      On or about June 1, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's defective interlock and non-compliance with industry standards; specifically, UL 136 Sections 9 and 10.

5.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant Amazon's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

## II.    PLAINTIFF PORSHAY BECKETT

7.  Plaintiff is a resident and citizen of the City of Oakland, County of Alameda, State of California.

8.  On or about June 1, 2024, Plaintiff suffered serious and substantial, injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker. The incident occurred as a result of the failure of the pressure cooker's supposed safety features which purport to keep the user safe while the unit is in use.

## III.    DEFENDANT AMAZON.COM SERVICES, LLC

9.  Defendant Amazon markets, imports, distributes, and sells a variety of consumer products, including the subject pressure cooker in this case.

10. Defendant Amazon.com Services LLC is a privately held limited liability company. Its sole member is Amazon.com Sales, Inc.  Amazon.com Sales, Inc. is a privately held corporation and a wholly owned subsidiary of Amazon.com, Inc. Amazon.com, Inc. is a publicly traded corporation. It has no parent company, and no other publicly held corporation owns 10% or more of Amazon.com, Inc.'s stock.  Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11. At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## IV.    JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Amazon is a resident and citizen of the State of Washington.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬦ 206.445.1257 Fax

## V.   **FACTUAL BACKGROUND**

14.    Defendant Amazon is engaged in the business of warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

15.    MasterChef pressure cookers utilize a mechanical interlock system which prevents the lid from being opened when pressurized.

16.    When the unit is not pressurized, a float valve rests in a down and "open" position. This allows the lid's locking pin, a part of the interlock, to move freely so that, as the lid is rotated, the locking pin can easily ride over locking flanges or metal lugs on the base of the cooker.

17.    As the unit cooks, and pressure under the lid increases, the float valve gets upward which is supposed to obstruct the free movement of the sliding mechanism attached to the lid's locking pin.

18.    This mechanism is intended to prevent the lid from being opened while the cooker is pressurized; preventing the lid from rotating past the locking flange or metal lug.

19.    In short, the interlock should prevent the lid from rotating while under pressure. If the pressure cookers interlock is weak, (e.g. there is a lack of contact between the locking pin and the cooker's metal flanges), and the unit retains pressure, the upward friction from the pressure inside the unit can allow the interlock to be "defeated" and the lid "removed" with some to little effort by the user.

20.    This allows the consumer to open the unit while it is pressurized which can burn consumers; just as it did here.

21.    By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22.    Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

23. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26. As a direct and proximate result of Defendant Amazon's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

27. Consequently, Plaintiff in this case seeks damages resulting from the use of Defendant Amazon's pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## VI.    CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

29. At the time of Plaintiff's injuries, Defendant Amazon marketed, imported, distributed, and sold the subject pressure cooker.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

30.    Defendant Amazon marketed, imported, distributed, and sold the subject pressure cooker with actual or constructive knowledge that it would be purchased and used by members of the general public, such as Plaintiff.

31.    The subject pressure cooker was expected to and did reach Plaintiff without undergoing any substantial changes or alterations.

32.    From the time the subject pressure cooker left the control of Defendant until the time of the Incident, it did not undergo any substantial changes or alterations.

33.    At the time it was marketed, imported, distributed, and sold by Defendant, the pressure cooker was defective in its design, manufacture and/or warnings and was unreasonably dangerous for its foreseeable uses, such as Plaintiff's.

34.    At the time it was marketed, imported, distributed, and sold by Defendant Amazon, the subject pressure cooker was defective in its manufacture and/or design for one or more of the following reasons:

a. The pressure cookers marketed, imported, distributed, sold, and supplied by Defendant Amazon were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant Amazon failed to properly market, import, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant Amazon failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant failed to adequately test the pressure cookers; and

f. Defendant failed to market an economically feasible alternative design despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

35.    The risk of potential and serious burn injuries resulting from the pressure cooker's lid being removable under pressure during the normal, directed use of the pressure cooker is not an open and obvious risk, nor is it a risk that is a matter of common knowledge.

36.    Plaintiff did not know at the time of her use of the subject pressure cooker, nor at any time prior thereto, of the existence of the defects in the product.

37.    The unreasonable dangers associated with the foreseeable uses of the subject pressure cooker exceed those that the ordinary user or consumer would anticipate, and the risk of harm stemming from its manufacture could have been reduced or avoided entirely had the subject pressure cooker not deviated from its design specifications, formulas, and/or performance standards.

38.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm regarding its design could have been reduced or avoided entirely by the incorporation of feasible, alternative designs.

39.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm posed by it could have been reduced or avoided had adequate warnings, instructions for use and information been provided with the product.

40.    As a direct and proximate result of the above-noted defect(s) of the subject pressure cooker, Plaintiff sustained debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

41.    Defendant Amazon's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬦ 206.445.1257 Fax

## COUNT II - NEGLIGENCE

42.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

43.    Defendant Amazon had a duty of reasonable care to market, inspect, import, distribute and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

44.    Defendant Amazon failed to exercise ordinary care in the warnings, quality assurance, quality control, distribution, advertising, promotion, import, sale and marketing of the pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45.    Defendant Amazon was negligent in the advertising, warning, marketing, import, distribution, and sale of the pressure cookers in that, among other things, it:

a. Failed to use due care in warnings, quality assurance, quality control, distribution, advertising, promotion, import, sale and marketing of the pressure cookers to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce; and

c. Were otherwise careless or negligent.

46.    The subject pressure cooker was expected to, and did, reach Plaintiff without undergoing any substantial changes or alterations.

47.    Plaintiff did not know at the time of her use of the subject pressure cooker, nor at any time prior thereto, of the existence of the defects in the product.

48.    The unreasonable dangers associated with the foreseeable uses of the subject pressure cooker exceed those that the ordinary user or consumer would anticipate, and the risk of harm stemming from its manufacture could have been reduced or avoided entirely had the subject pressure cooker not deviated from its design specifications, formulas, and/or performance standards.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

49.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm regarding its design could have been reduced or avoided entirely by the incorporation of feasible, alternative designs.

50.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm posed by it could have been reduced or avoided had adequate warnings, instructions for use and information been provided with the product.

51.    As a direct and proximate result of the above-noted defect(s) of the subject pressure cooker, Plaintiff sustained debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

52.    Defendant Amazon's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

53.    Despite the fact that Defendant Amazon knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant Amazon continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

54.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

55.    Defendant Amazon is a merchant with respect to the subject goods at issue, including the subject pressure cooker.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

56.    Defendant was/is a seller of the subject pressure cooker and thus has impliedly warranted the subject pressure cooker which it sold was merchantable for its ordinary and foreseeable purpose.

57.    The subject pressure cooker was expected to, and did, reach Plaintiff without undergoing any substantial changes or alterations to the condition in which it was sold to Plaintiff by Defendant.

58.    From the time the subject pressure cooker left the control of Defendant until the time of the Subject Incident, it did not undergo any substantial changes or alterations.

59.    Plaintiff made ordinary and foreseeable use of the subject pressure cooker and Plaintiff relied upon the implied warranties given by Defendant.

60.    Contrary to those implied warranties, at the time it was distributed, imported, marketed, and/or sold by Defendant, the subject pressure cooker was not merchantable for its ordinary and foreseeable purpose and was defectively and unreasonably dangerous due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

61.    Plaintiff did not know at the time of her use of the subject pressure cooker, nor at any time prior thereto, of the existence of the defects in the product.

62.    The unreasonable dangers associated with the foreseeable uses of the subject pressure cooker exceed those that the ordinary user or consumer would anticipate, and the risk of harm stemming from its manufacture could have been reduced or avoided entirely had the subject pressure cooker not deviated from its design specifications, formulas, and/or performance standards.

63.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm regarding its design could have been reduced or avoided entirely by the incorporation of feasible, alternative designs.

64.    The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm posed by it could have been reduced or

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 10

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

avoided had adequate warnings, instructions for use and information been provided with the product.

65.    As a direct and proximate result of the above-noted defect(s) of the subject pressure cooker, Plaintiff sustained debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

66.    Plaintiff's injuries, and the manner in which they occurred, were reasonably foreseeable to Defendant.

67.    As a direct, actual, and proximate result of Defendant Amazon's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## VII.    INJURIES & DAMAGES

68.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

69.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

70.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant Amazon for damages, as well as all costs of this action and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.    Judgment for Plaintiff and against Defendant;

b.    Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendant's pressure cooker;

c.    Pre- and post-judgment interest at the lawful rate;

d.    A trial by jury on all issues of the case;

e.    An award of attorneys' fees; and

f.    For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 12

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

Respectfully submitted,

**DIAMOND MASSONG, PLLC**

Dated this 8th of May 2026.

By: _Maria S. Diamond_

Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

/s/ Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Zack S. Kaylor, Esq., MN ID # 0400854
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 13

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax